UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JONATHAN DEAL,[1] | ) |
| | ) |
|    *Plaintiff*, | ) |
| v. | ) No. 1:10-CV-18 |
| | ) *Chief Judge Curtis L. Collier* |
| MASSEY & ASSOCIATES; | ) |
| ATTORNEY BILL SPEEK; AND | ) |
| ATTORNEY GARY MASSEY, JR., | ) |
| | ) |
|    *Defendants*. | ) |

## **MEMORANDUM**

Jonathan Deal ("Plaintiff") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Plaintiff claims his retained attorney, Mr. Bill Speek, along with his partner, Mr Gary Massey, Jr., and their law firm, Massey and Associates, breached the employment contract in which Mr. Speek agreed to represent Plaintiff on assault charges in Polk County for $15,000.00 and on federal charges for $7,000.00.[2] (Court File No. 2, Exhibit C).

---

[1] Jonathan Deal is presently a federal inmate incarcerated at the U.S. Penitentiary in Pine Knot, Kentucky. Beverly Deal, Jonathan Deal's mother, is also listed as a plaintiff on the complaint (Court File No. 2, Exhibit A & B). A document labeled "POWER OF ATTORNEY LIMITED," in which Beverly Deal has given her son, Jonathan Deal, the power to file a lawsuit on her behalf against Massey and Associates, is attached to the motion to appoint counsel. Regardless of this power of attorney, although a lay person is entitled to represent himself, the Court is unaware of any authority permitting a lay person to appear as an attorney for another person. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Thus, it appears Beverly Deal can present her own case or have it brought before the Court by a licensed attorney, but not by her son, Jonathan Deal. In addition, Beverly Deal has not submitted a motion to proceed *in forma pauperis* or paid her half of the $350.00 filing fee. Therefore, the Court treats Jonathan Deal as the sole plaintiff in this action.

[2] The Professional Service Agreement reflects the contract was between Ms. Beverly Deal and Attorney Speek.

For the following reasons, no service shall issue and this complaint will be **DISMISSED** *sua sponte* (Court Doc. 2).

I. **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff he is indigent and lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is an inmate or prisoner in custody at the United States Penitentiary in Pine Knot, Kentucky, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Ave., Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C.

§ 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Inmate Accounts at the US Penitentiary in Pine Knot, Kentucky, and the Commissioner of the Bureau of Prisons to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This Order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid. In addition, the plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II.     Non-dispositive Motions

Also before the Court is Plaintiff's motion requesting the Court to appoint counsel which will be **DENIED as MOOT** since the case will be dismissed (Court File No. 3).

## III.    Standard of Review

### A.    *Pro Se* Pleadings

All well-pleaded factual allegations contained in a complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). Mere "labels and conclusion" will not do. *Id*. 127 S.Ct. at 1965. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply

3

with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### IV. Facts

Plaintiff filed this complaint alleging his retained attorney, Attorney Bill Speek ("Attorney Speek"), of Massy and Speek, entered into a written contract with his mother, Beverly Deal, for payment of his services. Beverly Deal agreed to pay Attorney Speek to represent Plaintiff on charges believed to have been pending in Polk County and pending federal charges. Attorney Speek

represented Plaintiff in his federal case, but never addressed the Polk County charges with Plaintiff. According to Plaintiff, soon after the disposition of his federal case "Mr. Speed vanished[.]" (Court File No. 3).

Plaintiff subsequently learned the Polk County charges against him were "nolled due to Federal Court charges pending against [him,]" on December 2, 2004, eight days before Ms. Beverly Deal entered into the contract with Attorney Speek (Court File No. 3, Exhibit K). In addition, according to Polk County General Sessions Court records, no one entered an appearance as attorney of record, and there is nothing indicating he was represented by counsel on those charges (Court File No. 3, Exhibit K).

Attempts to seek a refund of the $15,000.00 fee have been unsuccessful and although, Plaintiff has filed a complaint with the Board of Professional Responsibility, his submissions do not reflect the disposition of that complaint.

Suing for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, fraud, conspiracy to defraud, and collusion, Plaintiff seeks monetary damages of $15,000.00 in actual damages and $7,000.00 in punitive damages.

V.  **Analysis**

    A.    **42 U.S.C. § 1983 Claim**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes*

5

*v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendant deprived him of a right secured by the Constitution of the United States while he acted under color of law. *See Brock*, 94 F.3d at 244.

### B. Standing

Initially, the Court observes it does not appear Plaintiff is able to establish standing to sue under his breach of contract and other related claims, as he is not a signatory to the contract, and although, arguably, he is a third-party beneficiary, he has not suffered an actual injury as a result of the alleged breach of the contract. "The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of contract, and (3) damages caused by the breach of contract." *Law v. Bioheart, Inc.*, 2009 WL 693149, at *18 (W.D.Tenn. March 13, 2009) (quoting *ARC LifeMed. Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn.Ct.App. 2005); *see also Massachusetts v. E.P.A.*, 549 U.S. 497, 517 (2007) (To demonstrate standing, "a litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury."

Nevertheless, the Court need not analyze the standing issue or make a determinant finding on standing, because, as explained below, even assuming Plaintiff does have standing to sue, Defendants are not state actors, and therefore, cannot be sued under 42 U.S.C. § 1983.[3]

---

[3] In addition, Plaintiff has not identified, nor can the Court discern, what constitutional right was allegedly denied in this case at the hands of Attorney Speek, his partner, or his law firm. Plaintiff's allegation that his privately-retained counsel failed to refund the $15,000.00 fee he charged to resolve the Polk County charges—charges that were dismissed prior to counsel's employment and without any assistance from counsel—does not state a constitutional claim.

### C. Retained Attorney Does Not Act Under Color of Law

Plaintiff brings suit for alleged breach of contract, as well as various other claims, against Attorney Speek, Attorney Massey, and the law firm of Massey and Associates. Plaintiff complains Attorney Speek was paid $15,000.00 by his relatives to handle his Polk County charges but those charges were dismissed prior to Attorney Speek being hired, and Attorney Speek failed to refund the portion of the fee charged to handle the Polk County charges.

Apparently Plaintiff is of the impression a retained attorney representing a client in the defense of a criminal charge in state court is acting under color of law, within the meaning of 42 U.S.C. § 1983. Plaintiff cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(federal defender did not act under color of law); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (A private attorney does not act under color of state law despite the fact he has been appointed by the court); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action); *Deas v. Potts,* 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983."); *Harkins v. Eldredge,* 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe,* 487 F.2d 567 (1st Cir. 1973); *Stewart v. Meeker,* 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman,* 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan,* 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968); *Harris v. Ward, 418 F.Supp.* 660 (S.D.N.Y.1976).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Although Attorney Speek is not a public defender, but rather is a retained private attorney, the rule is likewise applicable to retained private attorneys. *See James v. Mann*, 234 F.3d 1268 (6th Cir. 2000), *available at* 2000 WL 1679505, *2 (citing *Catz v. Chalker*, 142 F.3d 279, 189 (6th Cir. 1998)(concluding retained attorney is not a person acting under color of state law and, thus is not subject to § 1983 suit)). Thus, Attorney Speek is not suable in a § 1983 action because a private attorney does not act under color of law for purposes of § 1983. *Id*. Likewise, neither his partner nor law firm is suable in a § 1983 action. As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding" *West v. Atkins*, 487 U.S. at 50, a criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of the fact he is appointed by the State, he is the State's adversary and not acting on the State's behalf. The same holds true for a criminal lawyer retained to represent a defendant in a criminal proceeding. Thus, Attorney Speek, a retained private attorney, was not a state official acting under color of law. Attorney Speek did not act on the government's behalf; he was the government's adversary.

In summary, the Court concludes Plaintiff has failed to set forth any claims or facts entitling him to relief under 42 U.S.C. § 1983. None of the Defendants acted under color of law, and, therefore, Plaintiff has failed to state a claim under 42 U.S.C. §1983.[4]

Accordingly, since the professional acts performed by Plaintiff's counsel cannot be considered acts done under color of law, his complaint lacks an arguable basis in law and will be **DISMISSED** as frivolous, s*ee Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e)

A judgment order will enter **DISMISSING** Plaintiff's complaint in its entirety.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] The Court recognizes claims against an attorney for engaging in conspiracy with a state actor are cognizable in a § 1983 action, but Plaintiff has not alleged any of the defendants were involved in any action with the state or with a state actor. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (recognizing private attorneys who have conspired with state officials may be held liable under § 1983).